## Richmond

PILOT LIFE INSURANCE COMPANY V. MELVIN J. KARCHER.

November 24, 1976.

Record No. 751264.

Present, Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Roderick B. Mathews (R. Harvey Chappell, Jr.; Christian, Barton, Epps, Brent & Chappell,* on briefs), for plaintiff in error.

*David C. Dickey (C. Waverly Parker,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Pilot Life Insurance Company (Pilot) is before us on a writ of error and supersedeas to a final order of the trial court awarding judgment to Melvin J. Karcher (Karcher) for $12,950 with interest from June 9, 1974, on a jury verdict in Karcher's favor.

Since the record contains no transcript or written statement of the facts, testimony or incidents of the trial below, Karcher moves for dismissal of the appeal on the ground that, in the absence of such a transcript or written statement, there can be no showing that Pilot's objections to instructions were stated with reasonable certainty before the trial court so as to preserve

those objections. Rule 5:7 *, Rules of Court. While a transcript or written statement is generally the vehicle for showing that timely objection to instructions was made before the trial court to preserve the point on appeal, such objection may also be shown and preserved where, in a refused instruction, the objecting party propounds the contrary theory to one set forth in a granted instruction. *Powell* v. *Orphanage,* 148 Va. 331, 345, 138 S.E. 637, 641-42 (1927). This is the case here, as our later discussion will show, so the motion to dismiss is denied.

■ Karcher's claim against Pilot arose under a sickness and accident insurance policy issued by Pilot to Karcher on July 1, 1971. Under this policy, in consideration of a monthly premium of $10.65, Pilot agreed to provide a $500 monthly indemnity, after an elimination period of 30 days, to Karcher for life if he became and remained totally disabled because of injury. The term "injury", as defined by the policy,

". . . means bodily injury caused by an *accident occurring while the policy is in force* with respect to the person whose injury is the basis of claim *and which, while this policy is in force, results directly* and independently of all other causes *in loss covered by this policy."* (emphasis supplied).

The policy also provided a monthly indemnity of $500, after an elimination period of 30 days, for total disability due to "sickness or disease contacted or *commencing after the [e]ffective [d]ate of this policy . . . and which, while the policy is in force, results in loss* covered by this policy." (emphasis supplied). The maximum indemnity for total disability due to sickness was limited to a period of two years by the policy provisions.

Under additional definitions the policy provides:

"RECURRENT DISABILITIES: If a period of total disability due to injury or due to sickness, commencing while this Policy is in force, results from causes which are the same as, or related to, the cause of any prior period of total disability with respect to which Monthly Indemnity has been payable under this Policy, the subsequent period shall be considered as a continuation of the prior period for the purposes of this Policy, unless the Insured has performed every duty pertaining to his occupation on a full-time basis for a continuous period of at

---

* Now Rule 5:21

least 6 whole months between such periods of total disability, in which event such total disability shall be deemed to be a new period of total disability and subject to a new Elimination Period."

The parties agree that Pilot paid Karcher indemnity for total disability because of accidental injury from September 24, 1971 to January 3, 1972 and a lump sum in lieu of indemnity for the period of March 5, 1972 to August 22, 1972. Karcher's action sought indemnity for total disability from April 29, 1973 to the day of trial in the amount of $12,950.

Pilot's position, that the policy had lapsed for nonpayment of premiums, is shown by Instruction A which it tendered and the court refused. This instruction, as tendered, would have told the jury that:

"The court instructs the jury that Pilot Life Insurance Company policy number H-168511 lapsed pursuant to the terms on July 1, 1972 because the premium payment due on June 1, 1972 was not paid. After July 1, 1972 the policy was not in force or effect and did not insure any disability commencing after that date."

The trial court amended this instruction to read:

"The Court instructs the jury that Pilot Life Insurance Company policy number H-168511 lapsed pursuant to its terms on July 1, 1972 because the premium payment due on June 1, 1972 was not paid. After July 1, 1972, the policy was not in force or effect and did not insure any disability resulting from an injury occurring after that date."

Thus it would appear that the parties did not controvert that the policy lapsed on July 1, 1972 for nonpayment of the premium due on June 1, 1972.

Instruction 12, as tendered, would have told the jury that:

"The Court instructs the jury that no presumption of liability arises from the fact that Pilot Life Insurance Company issued its policy number H-168511 to Melvin J. Karcher.

"The burden is on the plaintiff to prove by a preponderance of the evidence that he was totally disabled and that the total disability, if any, commenced while the policy was in force and that under the terms and conditions of the policy he is entitled to recover therefor.

"Unless you believe from a preponderance of the evidence that plaintiff was totally disabled as defined in the policy during the time for which he claims recovery and unless you believe that the total disability, if any, commenced while the policy was in force and prior to the lapse thereof plaintiff is not entitled to recover, and you shall find for the defendant."

This instruction was amended by the trial court to read:

"The Court instructs the jury that no presumption of liability arises from the fact that Pilot Life Insurance Company issued its policy number H-168511 to Melvin J. Karcher.

"The burden is on the plaintiff to prove by a preponderance of the evidence that he was totally disabled and that the total disability, if any, resulted from an injury which occurred while the policy was in force and that under the terms and conditions of the policy he is entitled to recover therefor.

"Unless you believe from a preponderance of the evidence that plaintiff was totally disabled as defined in the policy and under the Court's instruction during the time for which he claims recovery and unless you believe that the total disability, if any, resulted from an injury which occurred while the policy was in force and prior to the lapse thereof plaintiff is not entitled to recover, and you shall find for the defendant."

From these amendments, and from the other instructions granted, it becomes apparent that Karcher contended that he was entitled to recover for total disability due to injury which occurred while the policy was in effect, regardless of the lapse of the policy for nonpayment of premiums between the date of his injury and the date of his subsequent disability. It is equally apparent that Pilot contended that the occurrence resulting in injury and the disability therefrom each must take place at a time while the policy was in full force and effect in order for Karcher to recover.

Karcher contends here that the language in the "Recurrent Disabilities" section of the policy is ambiguous and is susceptible to the interpretation given to it by the trial court, namely, that a subsequent disability resulting from the previous injury "shall be a continuation of the prior period for the purposes of this [p]olicy", and thus is covered by the policy because the policy was in full force and effect when the injury occurred.

We find no such ambiguity in this section of the policy. The words "total disability", "injury" and "sickness" are terms which are specifically defined in the policy. The clause "a period of total disability due to injury or due to sickness" describes an insured event and, as such, is subject to the limiting clause "commencing while this policy is in force". Thus, we hold that the trial court's construction of the policy is in error and that the proper construction is the one advocated by Pilot, namely, that occurrence of the injury and the total disability resulting therefrom each must take place at a time while the policy was in force.

For these reasons, the judgment of the trial court is reversed and final judgment will be entered here for Pilot.

*Reversed and final judgment.*