## Richmond

## CHARLES F. COX, JR. v. COMMONWEALTH OF VIRGINIA

January 13, 1978.

Record No. 770672.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Thomas O. Jones* for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

PER CURIAM.

Charles F. Cox (Cox or defendant), who waived trial by jury, was convicted by the trial court of entering a bank, armed with a deadly weapon, with the intent to commit larceny therein, Code § 18.2-93 [1], and with the use of a pistol in the commission of robbery, Code § 18.2-53.1 [2]. The court fixed Cox's punishment at 20 years in the penitentiary on the first charge [3], and a one year penitentary sentence was imposed on the second charge. Although conceding that the evidence establishes his guilt of common-law robbery, Cox argues that his convictions of the statutory offenses should be reversed because the weapons which he used in commission of those offenses were not "deadly weapons".

On August 3, 1976, Cox, in bandit disguise, entered the United Virginia Bank in Doswell, Virginia, brandishing a .32 calibre pistol and an object which looked like a hand grenade. After demanding cash and receiving over $4300.00, he exited the bank and drove away in his car. Cox was apprehended about 10 minutes later by a police officer who had been alerted to the robbery by radio.

At the time of the defendant's arrest, the police recovered the currency taken in the robbery, and they seized a pistol and a grenade-like object. The pistol, though capable of firing live ammunition, was loaded with wooden bullets, and the "grenade" was comprised of the rubber bulbs from two bicycle horns connected by a short wooden rod from which a pin protruded.

Cox argues that neither the pistol loaded with wooden bullets nor the fake grenade is a "deadly weapon" within the meaning of either Code § 18.2-53.1 or Code § 18.2-93.

■ Dealing first with the defendant's claim that his conviction under Code § 18.2-53.1 should be reversed because

---

[1] Code § 18.2-93 provides:

"If any person, armed with a deadly weapon, shall enter any banking house, in the daytime or in the nighttime, with intent to commit larceny of money, bonds, notes, or other evidence of debt therein, he shall be guilty of a Class 2 felony."

[2] Code § 18.2-53.1 provides, in pertinent part:

"It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit murder, rape, robbery, burglary or abduction. . . .

[3] The court suspended 15 years of the 20 year sentence imposed on the first charge.

neither the pistol nor the fake "grenade" was a "deadly weapon", it is sufficient to point out that Cox brandished a pistol, a weapon whose use was specifically proscribed by the statute, to threaten and intimidate the persons in the bank where the robbery was committed. Cox concedes the evidence adduced at trial was sufficient to convict him of robbery. Therefore, we find this argument to plainly be without meﬂt.

■ We deal next with the defendant's claim that neither the pistol nor the "grenade" was a "deadly weapon" within the meaning of Code § 18.2-93. On this point Cox points to the definition of deadly weapon found in *Floyd* v. *Commonwealth*, 191 Va. 674, 684, 62 S.E.2d 6, 10 (1950), a prosecution for homicide, where we said:

> "A deadly weapon is one which is likely to produce death or great bodily injury from the manner in which it is used, and whether a weapon is to be regarded as deadly often depends more on the manner in which it has been used than on its intrinsic character. * * *

> "Generally, unless a weapon is *per se* a deadly one, the jury should determine whether it, and the manner of its use, places it in that category, and the burden of showing these things is upon the Commonwealth."

While fixing the punishment by statute, Code § 18.2-58, Virginia has never codified the elements of common-law robbery. *Butts* v. *Commonwealth*, 145 Va. 800, 811, 133 S.E. 764, 767 (1926). The General Assembly, not intending to enlarge, decrease or change the common-law crime of robbery, enacted the statutory ancestor of § 18.2-93, under which the crime is complete when a person, armed with a deadly weapon, enters a banking house with the requisite larcenous intent. *Falden* v. *Commonwealth*, 167 Va. 542, 546, 189 S.E. 326, 328 (1937).

In *Johnson* v. *Commonwealth*, 209 Va. 291, 296, 163 S.E.2d 570, 574 (1968), where the defendant was convicted of attempted robbery by the presentation of a firearm, we rejected the defendant's contention that the Commonwealth had the burden to prove that the weapon, a "blank pistol" with a "blocked" barrel, was capable of firing a projectile or missile.

Here, Cox entered the bank wielding a pistol in the ordinary manner contemplated by its nature and design, and his brandishing of it held it out as an offensive weapon, capable of

inflicting death or great bodily injury. The mere fact that the bullets therein were *ab initio* incapable of being discharged did not make the pistol any less deadly within the meaning of the statute. *See Macon* v. *State*, 295 So.2d 742, 745 (Miss. 1974); *Jackson* v. *State*, 231 Md. 591, 594, 191 A.2d 432, 434 (1963). To hold otherwise would place an intolerable and unnecessary burden of proof upon the Commonwealth. *State* v. *Levi*, 259 La. 591, 599, 250 So.2d 751, 754 (1971); *People* v. *Williams*, 6 Mich. App. 412, 419, 149 N.W.2d 245, 248 (1967).

For these reasons, the defendant's convictions will be affirmed.

*Affirmed.*