Richmond

WADE STEVEN PRITCHETT

v.

COMMONWEALTH OF VIRGINIA

March 2, 1979.

Record No. 780645.

Present: All the Justices.

*Robert P. Dwoskin (Dwoskin & Peaslee, Ltd.*, on brief), for appellant.

*Guy W. Horsley, Jr., Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

HARMAN, J., delivered the opinion of the Court.

Wade Steven Pritchett (Pritchett or defendant), was convicted by the trial court, sitting without a jury, of breaking and entering the storehouse of W. H. Dudding (Dudding or owner) in the nighttime, while armed with a deadly weapon, with the intent to commit larceny therein, a Class 2 felony. Code § 18.2-91[1]. The court, pursuant to the provisions of Code § 18.2-10(b), sentenced Pritchett to a minimum term of twenty years in the state penitentiary and suspended ten years of that sentence.

While acknowledging his guilt of statutory burglary, defendant argues that the trial court erred in finding him guilty of the aggravated grade of the offense, *i.e.,* that he was armed with a deadly weapon when entry was made.

Pritchett was apprehended while still in the burglarized storehouse. Defendant was first observed inside and near the front of the store by Dudding, who responded to a burglar alarm. When defendant became aware of the owner's presence outside the store, he went to the rear of the store and attempted to open a padlocked back door. At this point Pritchett learned that the owner's wife was guarding the back door. Defendant then returned to the front of the store where he surrendered himself to Dudding, who was armed with a shotgun.

After the police arrived and took custody of Pritchett, Dudding discovered a club on the floor of the store near the back door. Defendant admitted that he owned the club and that he possessed it at the time he entered the store, so the real issue becomes whether the trial court erred in holding the club to be a deadly weapon.

In their respective briefs defendant and the Commonwealth

---

[1]Code § 18.2-91 provides:

"If any person do any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape or robbery, he shall be deemed guilty of statutory burglary; which offense shall be a felony punishable by confinement in a penitentiary for not less than one or more than twenty years, or in the discretion of the jury, or judge sitting without a jury, be confined in jail for a period not exceeding twelve months or fined not more than one thousand dollars, either or both; provided, however, that if such person was armed with a deadly weapon at the time of such entry, he shall be guilty of a Class 2 felony."

agree that the term "deadly weapon" means ". . .an instrument or weapon which is likely to, or which will, cause or produce death or great bodily harm when used in the manner contemplated by its design and construction." 40 Am.Jur.2d *Homicide* § 5. Defendant also points to the definition of "deadly weapon" contained in *Pannill* v. *Commonwealth*, 185 Va. 244, 254, 38 S.E.2d 457, 462 (1946), where, quoting from 40 C.J.S. *Homicide* § 25, we said:

> "'A deadly weapon is one which is likely to produce death or great bodily injury from the manner in which it is used, and whether a weapon is to be regarded as deadly often depends more on the manner in which it has been used than on its intrinsic character.'"

■ Generally, unless a weapon is *per se* a deadly one, the fact finder should determine whether it, and the manner of its use, place it in that category, and the burden of showing these things is upon the Commonwealth. *Cox* v. *Commonwealth*, 218 Va. 689, 691, 240 S.E.2d 524, 526 (1978); *Floyd* v. *Commonwealth*, 191 Va. 674, 684, 62 S.E.2d 6, 10 (1950).

■ With these principles in mind, we will now review the evidence in the record to see whether it supports the trial court's finding that the club in question was a deadly weapon.

First we have the weapon which is before us as an exhibit. It is approximately fourteen inches in length. Its principal component is a piece of metal pipe or tubing flattened at one end to provide a gripping handle. A heavy metal bolt is inserted in and affixed to the opposite end of the pipe, making that end heavier than the handle end.

We also have the defendant's statement to the police, and his testimony at trial, that he made and carried the club as a weapon to defend himself from vicious dogs along the route he walked daily going to and returning from his place of employment.

Clearly the club in question was designed and made by defendant for one purpose, and for one purpose only. It was designed and constructed as a weapon. If that weapon is used in the manner contemplated by its design and construction, as an instrument to forcefully strike or flail an object, it would, as the trial court found, be likely to cause death or great bodily harm to a human being. We hold, therefore, that the trial court did not err in concluding the weapon to be a deadly weapon, so the judgment will be affirmed.

*Affirmed.*