*69 JUSTICE COMPTON,
dissenting.
In my opinion, the danger resulting from the alleged defect in the design of the conveyor units, that is, failure to include wheel guards to sweep objects away from the “nip points,” was a danger that was open and obvious to a lay person. Indeed, the plaintiff testified, “When the machine was on or being moved, it was quite obvious it’s very dangerous not to be — well, you would not want to be on the rail.” Examination of the exhibits, including the photographs, reveals there is nothing so mysterious about the patent condition that an expert’s testimony can be used to create a question of fact; there is simply a wheel on a rail. And, the fact that the unit may have been moved without warning is irrelevant to the question whether the condition was obviously dangerous.
Under these circumstances, when the dangerous condition “is obvious and patent to all,” Brown v. General Motors Corp., 355 F.2d 814, 819 (4th Cir. 1966), cert. denied, 386 U.S. 1036 (1967), the manufacturer of the product is not liable for injury to the user. Spangler v. Kranco, Inc., 481 F.2d 373, 375 (4th Cir. 1973). I would so hold in this case.
Furthermore, I believe the defendant properly preserved for appeal its objection to the failure of the trial court to grant the proffered instruction dealing with Misc.er’s modification of the equipment and its utilization in a configuration that it devised.
The record is clear that this instruction was tendered to the trial court and marked “refused.” Code § 8.01-384(A) provides that an objection is sufficient to preserve the issue for appeal if “a party, at the time the ruling ... of the court is made or sought, makes known to the court the action which he desires the court to take . . . and his grounds therefor.” Here, tender of the instruction certainly informed the trial court that the instruction was a correct statement of the law and applied to the facts of this case. Nothing more is required after the instruction was refused to save the point for appeal. And, the majority’s attempt to distinguish this Court’s holding on the issue in Pilot Life Insurance Co. v. Karcher, 217 Va. 497, 498, 229 S.E.2d 884, 885 (1976), is a distinction that makes no difference.
The evidence clearly established that Misc.er designed, assembled, and motorized this conveyor system of inordinate length, using parts from different manufacturers and its own inventory, and modified the conveyors received from the defendant. The jury should have *70 been permitted to consider this aspect of defendant’s case, and I would hold the trial court erred in refusing the instruction.
Consequently, I cannot join an opinion affirming the judgment below.