COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


LARRY WAYNE INGE
                                              OPINION BY
v.    Record No. 2114-01-3        JUDGE RUDOLPH BUMGARDNER, III
                                           OCTOBER 15, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                  William N. Alexander, II, Judge

           J. Patterson Rogers, 3rd, for appellant.

           H. Elizabeth Shaffer, Assistant Attorney
           General (Jerry W. Kilgore, Attorney General,
           on brief), for appellee.


     The trial court convicted Larry Wayne Inge of statutory

burglary while armed with a deadly weapon, Code § 18.2-92,[1] and

brandishing a firearm, Code § 18.2-282.  He maintains the

evidence did not prove beyond a reasonable doubt that he was

armed with a deadly weapon at the time he entered the dwelling.

Finding the evidence sufficient, we affirm.

     We view the evidence and all reasonable inferences fairly

deducible therefrom in the light most favorable to the

Commonwealth.  Commonwealth v. Taylor, 256 Va. 514, 518, 506

_____

     [1] Any person who breaks and enters an occupied dwelling
"with the intent to commit any misdemeanor" "armed with a deadly
weapon . . . shall be guilty of a Class 2 felony."  Code
§ 18.2-92 (emphasis added).

S.E.2d 312, 314 (1998). Two men armed with semi-automatic pistols assaulted the defendant and threatened to kill him. The defendant fled, armed himself, and returned to the area looking for the assailants. He was searching for them when he entered the apartment of Wanda Roman armed with a .25 caliber automatic handgun. He waved the gun around and asked, "[W]here they at? Where they at?" The defendant scared everyone in the apartment but left after Roman convinced him the assailants were not there. The defendant told the police that the gun was not loaded and that he had never fired the gun and did not know if it worked. He said he threw the gun away, and no firearm was introduced at trial.

Whether an instrument is a deadly weapon is a question of fact. "'A deadly weapon is one which is likely to produce death or great bodily injury from the manner in which it is used . . . .'" Pannill v. Commonwealth, 185 Va. 244, 254, 38 S.E.2d 457, 462 (1946). Pannill distinguishes weapons that are deadly weapons as a matter of law, deadly weapons per se, and those that are deadly because of the circumstances surrounding their use. We do not decide if a gun is a deadly weapon per se because the circumstances surrounding its use prove the gun in this case was deadly in fact.

A deadly weapon is an instrument designed and constructed to inflict death or great bodily harm and used in that manner. Pritchett v. Commonwealth, 219 Va. 927, 929, 252 S.E.2d 352, 353

(1979).  Pritchett "designed and constructed" a pipe into a weapon to defend himself from vicious dogs.  "If that weapon is used in the manner contemplated by its design and construction . . . it would . . . be likely to cause death or great bodily harm to a human being."  Id. at 929, 252 S.E.2d at 354.  Accordingly, it was a deadly weapon.  Id. (citations omitted).

In this case, the defendant entered the home armed with a handgun.  The .25 caliber automatic firearm was designed and constructed for one purpose, as a weapon to kill or wound.  It was likely to do so when used in the manner contemplated by its design and construction.  The defendant used it in that manner.  He entered the apartment looking for his assailants, brandished the gun at the occupants, and only left when satisfied his quarry was not present.  Those circumstances permit the reasonable conclusion that the defendant used the gun as an offensive weapon likely to cause death or great bodily harm.

The Commonwealth did not need to prove the firearm was operable or loaded for it to be a deadly weapon.  In Cox v. Commonwealth, 218 Va. 689, 240 S.E.2d 524 (1978), the defendant claimed his pistol was not a deadly weapon because it was loaded with wooden bullets and incapable of firing.  The defendant "entered the bank wielding a pistol in the ordinary manner contemplated by its nature and design, and his brandishing of it held it out as an offensive weapon, capable of inflicting death or great bodily injury."  Id. at 691-92, 240 S.E.2d at 526.  The

- 3 -

Court held:  "The mere fact that the bullets therein were ab initio incapable of being discharged did not make the pistol any less deadly within the meaning of the statute."  Id. at 692, 240 S.E.2d at 526 (citations omitted).  "To hold otherwise would place an intolerable and unnecessary burden of proof upon the Commonwealth."  Id.

In this case, the defendant's actions closely paralleled those of Cox.  He brandished the gun holding it out as an offensive weapon capable of killing or wounding.  Accepting his claim that the gun was unloaded, we see no reason to distinguish Cox, which involved entering a bank, Code § 18.2-93, from this case, which involved entering a dwelling, Code § 18.2-92.  A gun is no less deadly when brought into a dwelling than when brought into a bank.  Accordingly, we affirm the conviction.

Affirmed.