BANKERS SECURITY LIFE INSURANCE SOCIETY *vs.* JOHN B. PERRY. No. 01-P-597. October 17, 2003. *Insurance,* Life insurance, Disability insurance, Lapse for nonpayment of premium.

The defendant, John B. Perry, appeals from a decision entered on summary judgment, declaring that certain disability and life insurance policies had lapsed, leaving him without rights against the insurer.

In the years 1983 and 1985, Perry purchased from Bankers Security Life Insurance Society (Bankers) two disability policies, on which he made claims in September, 1989. The claims were supported by the written opinion of one Dr. Rothman to the effect that Perry, who was going through a difficult divorce, suffered from adjustment disorder and depression and had been totally disabled from working from March 28, 1989, on. Bankers commenced paying disability benefits, making them retroactive to March, and applied the policies' waiver of premium provisions, remitting premiums paid by Perry from March to September. Disability payments stopped, and Bankers resumed billing premiums, after receiving a supplemental report from Dr. Rothman dated March 18, 1990, declaring that Perry was again able to work. The parties dispute the extent to which Perry paid premiums thereafter, but there is no

dispute that by December, 1990, premiums were not being paid, and Bankers by then treated the disability policies as lapsed.

Perry contends on appeal that the judge erred in allowing Bankers's motion for summary judgment because (1) there was an issue of fact as to the accuracy of Dr. Rothman's supplemental report, given opinions of other physicians that Perry continued to suffer from adjustment disorder and depression after March 18, 1990, and (2) the fact that Perry is disabled at this time due to adjustment disorder and depression — a recurrence, in other words, of the cause of his earlier disability — entitles Perry to benefits under the recurrence clauses[1] of the disability policies whether or not the policies lapsed.

1. *Factual issue.* As the trial judge explained in her careful memorandum of decision, the several physician's opinions on which Perry relied to show that his disability after March 18, 1990, was in issue all spoke to time periods after December 20, 1990, when, unless the waiver of premium provision excused premiums, the policies had lapsed and were no longer in effect. The report of Dr. MacDonald indicates that Perry was not able to function due to depression, but it was speaking of February, 1997, and had no bearing on whether Perry was similarly disabled in the relevant time period in 1990. The reports of Dr. Hanson in April, 1992, and Dr. Shapiro in March, 1993, similarly were not addressed to the issue of disability in 1990. The statements made by Dr. Rothman in the claims forms that were apparently not part of the summary judgment record before the trial judge — they were included in the appendix filed with this court with a motion to expand the record — say nothing that contradicts the opinion that Dr. Rothman expressed in his March 18, 1990, report, to the effect that Perry was not then disabled from working. Indeed, Dr. Rothman later confirmed in his deposition that his opinion was that Perry was able to work from March, 1990, to at least November, 1991. As there was no admissible evidence to the contrary, the judge did not err in treating the issue as closed for purposes of summary judgment.

2. *Recurrence clause.* Bankers does not contest that there was evidence of disability at times after 1991; it disputes Perry's contention that the recurrence clause operated to make Perry eligible again for benefits. The judge correctly adopted Bankers's contention that the recurrence clause of the two policies became inapplicable when the policies lapsed due to nonpayment of premiums. The "Time of Loss" section of the policies specified that "[a]ll losses must occur while your policy is in force." No different result is required by the sentence reading: "Termination of your policy will not affect any claim for disability that results from: (1) an accident that occurred while the policy was in force; or (2) sickness that manifests itself while the policy was in force." That sentence does not relate to recurrences but rather to covered disabilities extant at the time of termination. It is unreasonable to read the clause (as Perry in effect does) to provide lifetime coverage for disabilities caused by adjustment disorder or depression, regardless of whether the policy has remained in effect. Such a reading would vitiate the time of loss clause. For

---

[1]The recurrence clause states: "After a period of disability for which we pay benefits ends and you become disabled again from the same or related cause, we will deem it a continued part of the prior period of disability unless: 1. you have worked fulltime in a gainful work for at least six straight months between the two periods of disability; or 2. you suffer successive periods of residual disability. In that case we will deem each to be a new disability . . . ."

decisions to the same effect, see *Pilot Life Ins. Co.* v. *Karcher*, 217 Va. 497 (1976), and *Deegan* v. *Continental Cas. Co.*, 167 F.3d 502, 507-508 (9th Cir. 1999). Not controlling here are cases concerning continuity of coverage for recurrences under an employee group disability plan, where the employer switches insurers, such as *Continental Cas. Co.* v. *Equitable Life Assur. Soc. of the United States*, 52 N.Y.2d 228 (1981), and *Life Ins. Co. of North America* v. *Centennial Life Ins. Co.*, 927 F. Supp. 1476, 1478-1479 (D. Kansas 1996).

Perry makes no argument that the judge erred in ruling that the life insurance policies had similarly lapsed. See Mass.R.A.P. 16(a), as amended, 428 Mass. 1603 (1999). In any event there seems to be no question that no premiums were paid after early 1991.

*Judgment affirmed.*

*Sean M. McGinty* for the defendant.
*Michele P. Rosano* for the plaintiff.