COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges McClanahan and Haley
Argued at Salem, Virginia


GREGORY LEON YOUNG

MEMORANDUM OPINION* BY
v.        Record No. 1579-04-3        CHIEF JUDGE JOHANNA L. FITZPATRICK
                                             OCTOBER 11, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Seth I. Howard, Assistant Appellate Defender (Virginia Indigent
Defense Commission, on briefs), for appellant.

Denise C. Anderson, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Gregory Leon Young (appellant) appeals from his conviction in a jury trial for entering a

bank armed with a deadly weapon with the intent to commit larceny, a violation of Code

§ 18.2-93.[1]  Appellant entered the bank armed with a Daisy BB gun.  Appellant contends that the

trial court erred in:  (1) rejecting his proposed jury instruction defining "deadly weapon" and

accepting the Commonwealth's instruction on that issue; (2) rejecting his proposed instruction

that stated the Commonwealth has the burden of proving that the weapon was deadly; and

(3) finding the evidence was sufficient to support the jury's finding that the Daisy BB gun was a

deadly weapon.  Assuming, without deciding, that the trial court erred in accepting and submitting

to the jury the Commonwealth's instruction defining "deadly weapon," we hold that error to be

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of robbery, a violation of Code § 18.2-58, and using a
firearm in the commission of a robbery, a violation of Code § 18.2-53.1.  He does not challenge
these convictions.

harmless. We further hold that appellant's remaining arguments are without merit and affirm his conviction.

## I. Background

In accord with familiar principles of appellate review, we view the evidence and all reasonable inferences flowing from the evidence in a light most favorable to the Commonwealth as the party prevailing below. Garcia v. Commonwealth, 40 Va. App. 184, 189, 578 S.E.2d 97, 99 (2003). So viewed, the evidence established that appellant entered the main lobby of the Fidelity Bank in Collinsville, Virginia on January 28, 2004 at approximately 10:00 a.m. Appellant and teller Judy Yartola (Yartola) were the only people in the bank's main lobby. All other bank employees were in the "break room." Appellant approached Yartola and handed her a note that stated: "I have a gun. Give me $3000 cash. You have ten seconds." Yartola looked up from the note and saw that appellant was pointing a gun at her. Yartola immediately went to the bank vault, retrieved $4,000 in cash, and handed the money to appellant. Appellant took the money, the note, and his gun and walked out of the bank. After appellant left the bank, Yartola ran into the break room and screamed for help. A bank employee contacted the police.

Sergeant Painter and Investigator Spence of the Henry County Sheriff's Department stopped appellant's vehicle shortly after the robbery. Appellant was the sole occupant. A Daisy BB gun, two $CO_2$ cartridges and a container of BB's, $4,000 in cash and handwritten notes identical to the one handed to Yartola were also recovered from the vehicle. Appellant later admitted he used the gun and took the money from Fidelity Bank.

Investigator Sharpe examined the Daisy BB gun. He obtained an identical weapon from Wal-Mart and testified that the packaging on the gun clearly stated: "Danger. Not a toy. Warning . . . can cause serious injury or death . . . may be dangerous up to 235 yards . . . this is a high-powered air gun." He further testified that "you can get hurt or killed with what comes out

of the barrel of this gun."  This evidence describing the ability of this gun to cause "serious injury or death" was uncontroverted.

The Commonwealth proposed Instruction 12 defining "deadly weapon."  The trial court redacted a small portion of the instruction based on an objection by appellant and submitted the following instruction to the jury:  "[A] deadly weapon means any object wielded in the ordinary manner contemplated by its nature and design and displayed as an offensive weapon, capable of inflicting death or great bodily injury."  Appellant proposed Instruction D as an alternative:  "A deadly weapon is one which is likely to produce death or great bodily injury from the manner in which it is used, and whether a weapon is to be regarded as deadly often depends more on the manner in which it has been used than on its intrinsic character."  The trial court rejected appellant's proposed instruction.

Appellant also requested Instruction F that stated "[u]nless a weapon is per se a deadly one, the jury should determine whether it, and the manner of its use, places it in that category, and the burden of showing these things is upon the Commonwealth."[2]  The trial court rejected this instruction as unnecessary and duplicative of other instructions as to the Commonwealth's burden of proof.

The jury convicted appellant and sentenced him to 20 years in prison.  This appeal followed.

---

[2] Appellant proffered two Instructions "F" but this is the one discussed and refused by the trial court.

## II.  Instruction 12

Appellant argues that the trial court erred in submitting Instruction 12 to the jury because it is an inaccurate statement of law.[3]  Assuming, without deciding, that the trial court erred in submitting Instruction 12 to the jury, we conclude that any error was harmless.[4]

In the context of reviewing the improper instruction of juries, harmless error analysis is appropriate.  See Kil v. Commonwealth, 12 Va. App. 802, 812, 407 S.E.2d 674, 679-80 (1991).  "Non-constitutional error is harmless 'when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'"  Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (citation omitted).  "Each case must . . . be analyzed individually to determine if an error has affected the verdict."  Id. at 1009, 407 S.E.2d at 913.  "'[W]here a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed.'"  Kil, 12 Va. App. at 812, 407

---

[3] The Commonwealth argues that Rule 5A:18 bars our consideration of this question because appellant failed to lodge a contemporaneous objection to the trial court's acceptance of Instruction 12.  The Commonwealth's argument is without merit because the appellant submitted a proposed instruction on the same issue vastly different from the Commonwealth's, thus informing the trial court that he believed the Commonwealth's instruction was an inaccurate statement of law.  This is all Rule 5A:18 requires.  See Pilot Life v. Karcher, 217 Va. 497, 498, 229 S.E.2d 884, 885 (1976) ("While a transcript or written statement is generally the vehicle for showing that timely objection to instructions was made before the trial court to preserve the point on appeal, such objection may also be shown and preserved where, in a refused instruction, the objecting party propounds the contrary theory to one set forth in a granted instruction.").  The Commonwealth's argument that appellant acquiesced to Instruction 12 is equally unavailing.  As evidence that appellant acquiesced to Instruction 12, the Commonwealth points out that appellant stated "No objection" after the trial court redacted a small portion of Instruction 12.  It is clear from the record, however, that appellant's statement related to the trial court's redaction, not to its decision to grant Instruction 12.  Indeed, the trial court later rejected appellant's alternative instruction and specifically noted that appellant objected to that ruling.

[4] We note that the Virginia Model Jury Instructions, Criminal, § 18.850 (2004) indicates that a deadly weapon is one which "is *likely* to cause death or great bodily injury because of the manner and under the circumstances in which it is used."  (Emphasis added).

S.E.2d at 680 (quoting Rose v. Clark, 478 U.S. 570, 579 (1986)); see also Harris v. Commonwealth, 134 Va. 688, 695, 114 S.E. 597, 600 (1922). Thus, if we can conclude from the record that the trial court's failure to properly instruct the jury did not affect the jury's verdict, the trial court's error is harmless. See Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997); Phoung v. Commonwealth, 15 Va. App. 457, 465-66, 424 S.E.2d 712, 717 (1992).

We conclude that had the trial court given the instructions requested by appellant on the issue of what constitutes a deadly weapon, the jury's verdict would have been the same. Here, the evidence was overwhelming and, in fact, uncontroverted. Investigator Sharpe testified without objection that the Daisy BB gun, by virtue of its design and construction, would likely inflict serious bodily injury or even death if fired at a person. The manufacturer's instructions and "warnings" noted the gun was a "[d]anger[, n]ot a toy" and could cause "serious injury or death." Moreover, no evidence before the jury contradicted the deadly nature of the weapon, nor did appellant propose any theory that the Daisy BB gun was not in fact a deadly weapon. Confronted with such "overwhelming" evidence, the jury, had they been instructed as requested by appellant, could only have found that the Daisy BB gun was likely to cause death or serious bodily injury and they "could not have found otherwise." Smoot v. Commonwealth, 18 Va. App. 562, 567, 445 S.E.2d 688, 691 (1994). Accordingly, the trial court's error was harmless. See id. (affirming conviction even though the jury was not instructed that "actual notice" was an element of the offense because no evidence was presented contradicting the Commonwealth's overwhelming evidence of actual notice).

### III. Instruction F

Appellant also contends that the trial court erred in rejecting his proposed Instruction F stating, *inter alia*, that the Commonwealth had the burden of proving that the weapon he used

was, in fact, deadly. We disagree. Instruction 1 informed the jury that the Commonwealth must prove all elements of the offense beyond a reasonable doubt. Instruction 11 further listed all elements of the crime, which included the "deadly weapon" element, and stated again that a verdict of "not guilty" must be issued unless the Commonwealth proved all elements beyond a reasonable doubt. Thus, appellant's proposed instruction would be unnecessarily duplicative, and the trial court acted within its discretion in rejecting it. See Stevens v. Commonwealth, 44 Va. App. 122, 137, 603 S.E.2d 642, 649 (2004) ("'The trial judge may properly refuse any instructions that are misleading or redundant.'" (quoting Diffendal v. Commonwealth, 8 Va. App. 417, 423, 382 S.E.2d 24, 26-27 (1989))).

## IV. Sufficiency of the Evidence

Lastly, appellant argues that the evidence was insufficient to prove that the Daisy BB gun was, in fact, a deadly weapon. We disagree.

Unless an object can be considered a deadly weapon as a matter of law, the jury determines from the evidence whether the object belongs in that category. Thus, "[w]hether an instrument is a deadly weapon is a question of fact." Inge v. Commonwealth, 39 Va. App. 85, 87, 570 S.E.2d 869, 870 (2002). We do not set aside factual determinations unless we can conclude that they were plainly wrong. Hodges v. Commonwealth, 45 Va. App. 735, 781, 613 S.E.2d 834, 856 (2005). In determining whether a jury's factual finding is plainly wrong, we ask whether any "rational juror could have reached that decision." Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (en banc), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003) (per curiam). This understanding of the standard of review recognizes the responsibility of the trier of fact to weigh the evidence and resolve conflicting testimony. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc).

Here, the jury clearly had sufficient evidence to conclude that the Daisy BB gun was a deadly weapon. As noted earlier, Investigator Sharpe testified that the manufacturer warned that its product, if used as designed to shoot BB's at high velocity, could seriously injure or kill another human being. Investigator Sharpe further stated his opinion that one could get killed with "what comes out of the barrel of this gun." We conclude that no rational jury, faced with this uncontradicted evidence, would find that the Daisy BB gun was not a deadly weapon.

## V.  Conclusion

For the reasons stated, we affirm the trial court.

Affirmed.