**Alexandria**

WALTER JAMES WILSON

v.

COMMONWEALTH OF VIRGINIA

No. 2601-92-4

Decided January 17, 1995

COUNSEL

Melvin T. Axilbund, for appellant.

Marla Lynn Graff, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from his conviction of using a firearm in the commission of a felony, Walter James Wilson contends that the evidence was insufficient. We disagree and affirm the judgment of the trial court.

On November 9, 1991, Wilson entered a store and asked the clerk for "the money." The clerk asked him to repeat his demand. When Wilson again asked her for money, she noticed the handle of a gun protruding from his pocket. She immediately opened the drawer of the cash register and handed Wilson its contents. As soon as Wilson fled from the store, the clerk ran to an adjacent store, told the people there that she had been robbed, and called the police.

At trial, the clerk testified that she was familiar with the appearance of guns and that she saw the handle of a gun protruding from Wilson's coat pocket. She testified that the gun was positioned "pointing forward" in Wilson's pocket and that his left hand was in his pocket next to the gun. She stated that the sight of the gun frightened her and caused her to give Wilson the store's money. Officer Healy testified that Wilson said that had he committed the robbery, he would have used a gun.

The trial judge instructed the jury that to prove Wilson guilty of displaying a handgun in a threatening manner while committing a felony, the Commonwealth was required to prove beyond a reasonable doubt that Wilson displayed a gun in a threatening manner while committing the robbery. The jury found Wilson guilty of robbery and of use of a firearm in the commission of a felony.

Wilson contends that the Commonwealth failed to prove that he actually possessed a gun and used it in a threatening manner. He argues that, although the victim believed she saw a gun, she actually saw only a handle protruding from his pocket. He argues that this was insufficient to prove the actual presence of a gun. He cites *Yarborough v. Commonwealth*, 247 Va. 215, 441 S.E.2d 342

(1994), which held that mere supposition that the accused had a firearm was insufficient to prove that he actually possessed a firearm.

This case is distinguishable from *Yarborough*. In *Yarborough* the victim saw no gun but only "perceived" that the robber was armed. Unlike the victim in *Yarborough*, the clerk in this case actually saw the handle of a gun. She stated that she saw the gun's brown handle hanging out of Wilson's jacket pocket during the robbery. She stated that she knew what guns looked like and she was sure she saw the handle of a gun. She also explained that Wilson pointed the gun and that this threat caused her to give him the money. This evidence sufficiently proved Wilson's actual possession of a firearm and his use of it in a threatening manner while committing the robbery. *See Holloman v. Commonwealth*, 221 Va. 196, 269 S.E.2d 356 (1980).

We affirm the judgment of the trial court.

*Affirmed.*

Barrow, J., and Coleman, J., concurred.