# Richmond

## JOHN EDWARD SPROUSE

v.

## COMMONWEALTH OF VIRGINIA

No. 1696-93-2

Decided January 24, 1995

COUNSEL

Norman Lamson, for appellant.

G. Russell Stone, Jr., Assistant Attorney General (James S. Gilmore, III, Attorney General; Janet F. Rosser, Assistant Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—John Edward Sprouse (appellant) appeals from his bench trial conviction by the Circuit Court of Albemarle County (trial court) for use of a firearm during the commission of a robbery. At trial, appellant pleaded guilty to the robbery. The sole issue presented by this appeal is whether a toy pistol[1] constitutes a "pistol, shotgun, rifle or other firearm" within the meaning of Code § 18.2-53.1. For the reasons that follow, we reverse.

On October 5, 1992, an Albemarle County grand jury returned a bill charging, "On or about July 29, 1992, in the County of Albemarle **JOHN EDWARD SPROUSE** did unlawfully and feloniously use a firearm in the commission of a felony. **VIRGINIA CODE SECTION** 18.2-53.1."

Code § 18.2-53.1 provides:

**Use or display of firearm in committing felony.**—It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit robbery, . . . as defined in § 18.2-51, . . . . Violation of this section shall constitute a separate and distinct felony . . . .

The evidence is not in dispute. On July 29, 1992, at approximately 2:30 p.m., Debbie Hayes (Hayes) was working as the manager of the Barracks Road Market (Barracks). Appellant entered the store, obtained a soda, and paid Hayes for it. As Hayes was handing appellant his change, appellant pulled out what appeared to be a gun and said, "This is a robbery." Hayes, standing two to three feet from appellant, believed that the gun was real. She was terrified and thought appellant would shoot and kill her if she did not obey his commands. Appellant told Hayes to give him the money in the cash register, including the money underneath the drawer. Hayes complied. Appellant then told Hayes if she did not want to get hurt, to move back and stay there until he left. Appellant pointed the gun at Hayes and followed her movement with the gun as she backed behind the deli counter in the rear of the

---

[1] The Commonwealth concedes that the "weapon" used in connection with the robbery was in fact a toy.

store. Appellant backed out of the door and left.

On August 3, 1992, a police officer encountered appellant with his car parked in a lot three miles from Barracks. A black and silver toy pistol was found inside appellant's car. The officer who found the gun said that he had to look at it twice before he realized it was a toy. The toy pistol was entered as Exhibit 1, and the Commonwealth conceded that it was a toy pistol.

In *Holloman v. Commonwealth*, 221 Va. 196, 197, 269 S.E.2d 356, 357 (1980) (involving a conviction in violation of Code § 18.2-53.1 for use of a firearm while committing or attempting to commit rape), the Supreme Court rejected Holloman's contention that a BB gun which propelled a .177 pellet by spring action was not a "firearm" as that term is defined in *Black's Law Dictionary. Black's* defines a firearm as a weapon that expels a projectile by force of gunpowder. The following quote from *Johnson v. Commonwealth*, 209 Va. 291, 296, 163 S.E.2d 570, 574 (1968), was approved by the *Holloman* Court:

> Pointing out the victim did not know what kind of pistol was being used, the Court said that a sensible victim of *a holdup* "acts on appearances" and "is not required to know whether the gun pointed at him is loaded or whether it shoots bullets or blanks." *The Court noted that a toy pistol has been held sufficient to sustain a charge of robbery with a firearm.*

*Holloman*, 221 Va. at 198, 269 S.E.2d at 357 (emphasis added) (citation omitted).

The *Holloman* Court then said:

> The statute not only is aimed at preventing actual physical injury or death but also is designed to discourage criminal conduct that produces fear of physical harm. Such fear of harm results just as readily from employment of an instrument that gives the appearance of having a firing capability as from use of a weapon that actually has the capacity to shoot a projectile. The victim of a crime can be intimidated as much by a revolver that does not fire bullets as by one that does; such victim cannot be required to distinguish between a loaded pistol and a spring gun when it is brandished

during commission of a felony.

*Id.* at 198, 269 S.E.2d at 358.

*Holloman,* a rape case, and the cases cited therein indicate that a robbery or rape conviction may be affirmed when the evidence discloses that the criminal act was performed by use of an object that appears to be a firearm and successfully intimidates or reasonably causes the victim to be in fear of life or bodily harm. However, the Supreme Court in *Yarborough v. Commonwealth,* 247 Va. 215, 441 S.E.2d 342 (1994), distinguished the evidence required to sustain a conviction for "use of a firearm" from the evidence required to sustain a conviction for the robbery itself.

In *Yarborough,* the evidence disclosed that Yarborough blocked the victim's passage and told the victim, "This is a stickup[;] give me all your money." *Id.* at 216, 441 S.E.2d at 343. The victim testified that she saw something protruding from the robber's jacket pocket, but she could not definitely declare that it was a gun, only that she believed it was a gun. No gun was found on Yarborough when he was arrested. The Court affirmed the robbery conviction but reversed and dismissed the use of a firearm charge, saying:

> Code § 18.2-53.1, a penal statute, must be strictly construed against the Commonwealth and in favor of an accused. When so construed, we think that, to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies.

*Yarborough,* 247 Va. at 218, 441 S.E.2d at 344 (citation omitted) (footnote omitted).

Thus, if an object is used to inflict fear or intimidation to accomplish its purpose of rape or robbery, the fear or intimidation may be proved by showing that the victim had reason to believe the object was a firearm although, in fact, it was not a firearm. However, that defendant may not be convicted for the use of a firearm under Code § 18.2-53.1 unless the evidence discloses

beyond a reasonable doubt that the object used to cause the victim to reasonably believe it was a firearm was, in fact, a firearm.

Accordingly, pursuant to *Yarborough*, we reverse the judgment of the trial court and dismiss the charge.

*Reversed and dismissed.*

Benton, J., and Fitzpatrick, J., concurred.