COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued at Norfolk, Virginia


BILLY DEANGELO WILLIAMS

MEMORANDUM OPINION* BY
v.    Record No. 1699-98-1          JUDGE JERE M. H. WILLIS, JR.
OCTOBER 19, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge

Robert Moody, IV (Krinick, Segall, Moody &
Lewis, on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


On appeal from his conviction of robbery, in violation of Code § 18.2-58, Billy Deangelo Williams contends that the trial court erred in denying his motion to strike the evidence. Because the evidence sufficiently supports a finding of guilt, we affirm the judgment of the trial court.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  On February 20, 1998, Williams entered a Norfolk bank and handed teller

---

    * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Evette Walker a note.  Thinking it was a check, Walker opened the note, which read, "This is a robbery.  Give us the money and know [sic] one will be shot."  When Walker did not respond to the note immediately, Williams reached over the counter, grabbed money from her cash drawer, and exited the bank.  In doing so, he grabbed a bundle of cash containing a dye pack.  No dye was found on Williams.

Walker identified Williams from a photo array shown to her a few days after the robbery and identified him in person at trial.  She testified that she was sure of her identification because she and he had made eye contact during the robbery.

Robin Peskopos, the teller working next to Walker, witnessed the incident.  She also identified Williams positively, both from a photo array and in person at trial.  The Commonwealth also introduced still photographs, gleaned from the bank security video cameras, that showed the robber.

A jury convicted Williams of robbery, in violation of Code § 18.2-58, and sentenced him to eighteen years imprisonment.

Williams contends that the evidence is insufficient to prove him guilty of robbery.  He argues that the witness identifications were unreliable.  However, both tellers picked Williams out of photo arrays a few days after the robbery, and both positively identified him at trial.  Walker testified that she would not forget Williams' face and that she had made eye contact with him.  Walker stood directly across from Williams

-

during the robbery, and Peskopos was standing beside her in the next teller station.  These identifications were not inherently incredible and were accepted by the jury.  They alone sufficiently support the conviction.  Moreover, the Commonwealth did not rely solely upon the witness identifications but, in addition, introduced still photographs of the robber taken during the robbery by the bank's surveillance cameras.

In his brief, Williams has challenged the admissibility of the identifications by the tellers.  However, we awarded no appeal on this issue and will not now consider it.  See Rule 5A:12(c) and Rule 5A:18.

Williams also argues that the jury's verdicts were inconsistent and show that the jury compromised on its verdict and did not address the evidence.  The jury convicted Williams of robbery, but acquitted him of a companion charge of use of a firearm in the commission of a felony.  The evidence, however, supports the verdicts.  The jury believed Williams was the robber.  Walker's testimony that she saw what she thought was the handle of a handgun, however, may not have convinced the jury that Walker actually possessed a firearm.  See Code § 18.2-53.1; Sprouse v. Commonwealth, 19 Va. App. 548, 551-52, 453 S.E.2d 303, 306 (1995).  Furthermore, an inconsistent verdict is not grounds for reversal.

> [T]he United States Supreme Court addressed
> the issue of legal inconsistency in the case
> of United States v. Powell, 469 U.S. 57

-

> (1984).  The Court unanimously reaffirmed
> . . . that a criminal defendant convicted by
> a jury on one count could not attack that
> conviction because it was inconsistent with
> the jury's verdict of acquittal on another
> count.

Wolfe v. Commonwealth, 6 Va. App. 640, 647, 371 S.E.2d 314, 318

(1988).

The judgment of the trial court is affirmed.

Affirmed.