COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton
          and Senior Judge Duff
Argued at Alexandria, Virginia


VICTOR CASTILLO

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 0090-99-4           JUDGE CHARLES H. DUFF
                                        FEBRUARY 22, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Jonathan C. Thacher, Judge

          Jennifer A. Hess Smith, Assistant Public
          Defender, for appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Victor Castillo entered an <u>Alford</u> plea to one count of

robbery, and a jury convicted him of use of a firearm in the

commission of robbery in violation of Code § 18.2-53.1.  On

appeal, appellant contends that (1) the evidence was insufficient

to support the conviction and (2) the trial court erred in

granting a jury instruction stating that it was unnecessary that

the object used to threaten or intimidate a robbery victim be

proven to be a firearm.  We agree that the trial court erred in

granting this instruction, and thus reverse the conviction.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## BACKGROUND

Appellant entered Thelma Feighery's store and asked for cigarettes. Feighery testified that appellant pointed a gun at her and said, "Money." Feighery opened the cash register, and appellant took approximately $400. Customers entered the store, and appellant fled. Approximately one hour later, the police apprehended appellant, but he did not have a gun.

## THE JURY INSTRUCTIONS

After entering his Alford plea to the robbery charge, appellant was tried by a jury on the charge of using a firearm in the commission of robbery. The trial court granted Instruction 3, which stated in pertinent part:

> [T]he defendant is charged with the crime of displaying a pistol or firearm in a threatening manner while committing or attempting to commit a robbery. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime: (1) That the defendant displayed a pistol or other firearm in a threatening manner; and (2) That the display was while committing or attempting to commit a robbery.

Over appellant's objection, the trial court granted Instruction 6, which stated in pertinent part, "where a victim reasonably perceives a threat or intimidation by a firearm, it is not necessary that the object in question was in fact a firearm."

"[T]o convict an accused of violating Code § 18.2-53.1, 'the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use

-

the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery . . . .'" Sprouse v. Commonwealth, 19 Va. App. 548, 551, 453 S.E.2d 303, 305 (1995) (quoting Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994)).

Instruction 6 contradicted Instruction 3 and lessened the Commonwealth's burden of proving that the object used was in fact a firearm. The trial court erred in overruling appellant's objection to Instruction 6.

Harmless error analysis is appropriate in the context of improper jury instructions. See Kil v. Commonwealth, 12 Va. App. 802, 812, 407 S.E.2d 674, 679-80 (1991) (citations omitted). Jury instructions "should inform the jury as to the law of the case applicable to the facts in such a manner that [the jury] may not be misled." Cooper v. Commonwealth, 2 Va. App. 497, 500, 345 S.E.2d 775, 777 (1986).

When the trial court gave Instruction 6, it relieved the Commonwealth of proving beyond a reasonable doubt that appellant possessed the firearm, a necessary element of the crime. Upon review of the record, we cannot say that such error was harmless.[1] Accordingly, appellant's conviction for use of a

---

[1] On brief the Commonwealth concedes that Instruction 6 was not a correct instruction but argued that it was harmless. We do not find it so under the analysis of Jones v. Commonwealth, 11 Va. App. 75, 81, 396 S.E.2d 844, 847 (1990).

-

firearm in the commission of robbery in violation of Code § 18.2-53.1 is reversed.

Because we reverse on the second issue presented, we do not address the issue regarding the sufficiency of the evidence except to say we cannot conclude that a properly instructed jury could not have found the evidence sufficient.  For the reasons stated above, we remand the case for further proceedings if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

-