COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


KION L. DAVIS

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1149-01-3              JUDGE ROBERT P. FRANK
                                           OCTOBER 1, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                      Charles J. Strauss, Judge

            Jesse W. Meadows III, for appellant.

            Amy L. Marshall, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Kion L. Davis (appellant) was convicted in a jury trial of

entering a banking house while armed with a deadly weapon, in

violation of Code § 18.2-93, and other offenses not relevant to

this appeal.  On appeal, he contends the evidence was not

sufficient to prove that the object carried into the bank was a

"deadly weapon."  For the reasons stated, we affirm the trial

court.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND[1]

On November 1, 2000, Susan Parsons was working as a teller at the American National Bank in Tightsqueeze, Virginia. Between 2:00 and 2:15 p.m., two men entered the bank. They were identified at trial as Theotis Johnson and appellant.

The men approached Parson's teller window, and she asked if she could help them. Johnson handed Parsons a note that said, "Put your money in the bag now." The men put a brown plastic grocery bag on the counter.

Parsons began taking money out of her drawer. As she did this, Johnson raised his shirt and asked, "Do you see this?" Parsons, who was familiar with guns, testified without objection that she saw "a black automatic pistol and [she] saw the handle part." The pistol was never pointed at her nor did Johnson ever refer to the object as a "gun."

When Parsons saw the pistol, she "started taking the money out of the drawer." One of the two men said, "Hurry up." The two perpetrators grabbed the bag of money and left together. Parsons testified she was "scared."

After the robbery, Parsons reviewed the bank's "robbery kit," which contained pictures of various guns. She identified

---

[1] We recite only the facts relevant to determining whether the object was a "deadly weapon."

a picture of a large automatic pistol as the gun she saw in Johnson's waistband.  No firearm was introduced into evidence.

At the conclusion of the Commonwealth's case, appellant moved to strike the evidence regarding entering a bank with a deadly weapon, arguing there was no evidence "that there was an actual firearm, something that was actually operable."  He explained:

> [T]his is a crime against a place [not a person] . . . and we contend that there has to be proof that this is an actual operable firearm or weapon, Your Honor.  It has to be proof that it is an actual deadly weapon.  The testimony here is that from seeing a butt sticking out of a waistband apparently, she matched it up to a chart or something to try and help them with identification, Judge, and also I'll be honest, I'm relying on, not this trial, Judge, but the other trial Judge's ruling in Theotis Johnson's case in regards to this . . . .[2]

The trial court denied the motion to strike.  At the conclusion of all the evidence, appellant renewed his prior argument.  The trial court again denied the motion.

## ANALYSIS

The sole issue in this case is whether the evidence was sufficient to prove the object carried into the bank was a

---

[2] The trial court acknowledged that, in a bench trial during the previous week, Johnson was found not guilty of violating Code § 18.2-93, because the fact finder "decided ultimately [there] was insufficient evidence to establish" the object was a deadly weapon.

"deadly weapon," as required by Code § 18.2-93.[3]  Appellant

contends the witness' testimony that she saw the butt of a gun,

not the whole weapon, was insufficient to support a finding that

a deadly weapon was used during the robbery.

Code § 18.2-93 states:

> If any person, armed with a <u>deadly weapon</u>,
> shall enter any banking house, in the
> daytime or in the nighttime, with intent to
> commit larceny of money, bonds, notes, or
> other evidence of debt therein, he shall be
> guilty of a Class 2 felony.

(Emphasis added.)  As appellant argues the evidence was

insufficient to convict him under this statute, we examine the

trial evidence and all reasonable inferences in the light most

favorable to the Commonwealth.  See <u>Higginbotham v. Commonwealth</u>,

216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  At oral argument,

appellant conceded, if the evidence was sufficient to prove that

the object was a gun, then the evidence was also sufficient to

prove a deadly weapon was carried into the bank.[4]

---

[3] Appellant in his brief contends that, since Johnson, as
the principal in the first degree, was acquitted in a separate
bench trial of the same charge, he cannot be convicted as a
principal in the second degree.  We do not address this issue
since the appeal was granted only on the deadly weapon issue.
<u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488
(1998) ("The Court of Appeals will not consider an argument on
appeal which was not presented to the trial court.").

[4] Although appellant makes additional arguments on brief,
those positions were abandoned at oral argument.

Here, the fact finder could properly find that the object was a gun.  The teller testified she saw a black automatic pistol in Johnson's waistband.  She said she was familiar with guns, and she saw the "handle part."  She picked out a large automatic weapon from the bank's "robbery kit" as the gun in Johnson's waistband.  In Wilson v. Commonwealth, 19 Va. App. 535, 452 S.E.2d 884 (1995), we affirmed a conviction for use of a firearm in the commission of a felony, where the victim, who was familiar with the appearance of guns, saw the "handle of a gun protruding from Wilson's coat pocket."  Id. at 536, 452 S.E.2d at 885.  This Court rejected Wilson's argument that the victim saw only a handle and, therefore, the Commonwealth presented insufficient proof of a firearm.  Id. at 536-37, 452 S.E.2d at 885.  Similarly here, we conclude the evidence was sufficient to support the jury's finding.

Additionally, the men held the object out as a firearm. After Johnson entered the bank and handed the teller a note demanding money, he raised his shirt to display the pistol and asked, "Do you see this?"  He clearly intended to communicate to the teller that he was armed and that he would use a gun if necessary to take the money, thus "wielding a pistol in the ordinary manner contemplated by its nature and design."  Cox v. Commonwealth, 218 Va. 689, 691, 240 S.E.2d 524, 526 (1978) (per curiam).  Johnson displayed the object "as an offensive weapon, capable of inflicting death or great bodily injury."  Id. at 691-92, 240 S.E.2d at 526.  The object was used as a deadly

weapon, assisting in the bank robbery.[5]

Here, the jury could have determined, based on the totality of the circumstances in this bank robbery, that the object was a deadly weapon under Code § 18.2-93. We, therefore, hold the jury did not err in convicting appellant of entering a bank armed with a deadly weapon.

Affirmed.

---

[5] At oral argument, appellant conceded the evidence was sufficient to prove the object was used to intimidate the teller and further the robbery.