## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

David A. Ruiz

May 19, 2004

Case Nos. (Criminal) CR03-4756 and CR03-4964

BY JUDGE CHARLES E. POSTON

In these cases that were consolidated for trial, the defendant, David Ruiz, was convicted in a bench trial of two counts of robbery under Virginia Code § 18.2-58 and two counts of using a firearm in the commission of robbery pursuant to Virginia Code § 18.2-53.1. Immediately after convicting Ruiz at the April 26, 2004, trial, the Court referred the matter to the Probation Department for the preparation of a presentence report. The Court then announced, *sua sponte*, that it would reconsider the conviction of the firearm charge in light of the defendant's position advanced during argument of his motion to strike the Commonwealth's evidence. Counsel were invited to make such submissions in support of their respective positions as they deemed appropriate. Having considered the submissions of the parties as well as the fruits of its own research, the Court is compelled to vacate its findings of guilt with regard to the two counts of using a firearm in the commission of robbery.

*Facts*

The facts arising from events that took place on the evening of July 31, 2003, are largely uncontroverted for purposes of this issue. The first victim, Amanda Perkins, was walking down a street during the nighttime hours toward a convenience store when she was stopped by a car in which the driver and one passenger were riding. The driver asked her for directions to

the naval station and drove off. Shortly thereafter the car returned, but its headlights had been extinguished. It pulled up beside her, and the driver pulled what she believed to be a black revolver and told her to drop her purse and walk away. Perkins did not testify that either the driver or defendant had explicitly threatened to harm her with the weapon.

A couple of hours later Lorenzo Dingle, Jr., was leaving his apartment to go to work when the same two men drove up and asked for directions to the naval station. The driver pulled a gun and demanded his money. At first Dingle did not think he was serious but then complied with the demand. Dingle is a member of the United States Navy and has some familiarity with weapons as a result of his naval training. He described the weapon as a small .38 caliber revolver wrapped in black tape. During his testimony, Dingle did not say that either of the car's occupants had explicitly threatened to use the weapon to harm him.

Defendant Ruiz was the passenger in the car driven by Charles Crawley. Crawley, a witness for the Commonwealth, testified that the gun was an orange plastic toy gun that they had stolen from K-Mart. He said it resembled a .38 caliber revolver and that they had wrapped in it black tape. Neither a firearm nor a toy weapon was recovered by the police. Crawley's testimony on this point was not contradicted.

## *Discussion*

Using a firearm in the commission of certain enumerated felonies, among which is robbery, is made a felony by Va. Code § 18.2-53.1:

> It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit murder, rape, forcible sodomy, inanimate or animate object sexual penetration as defined in § 18.2-67.2, robbery, carjacking, burglary, malicious wounding as defined in § 18.2-51, malicious bodily injury to a law-enforcement officer as defined in § 18.2-51.1, aggravated malicious wounding as defined in § 18.2-51.2, malicious wounding by mob as defined in § 18.2-41 or abduction. Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be sentenced to a term of imprisonment of three years for a first conviction, and for a term of five years for a second or subsequent conviction under the provisions of this section. Notwithstanding any other provision of law, the sentence

prescribed for a violation of the provisions of this section shall not be suspended in whole or in part, nor shall anyone convicted hereunder be placed on probation. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony.

The defendant, relying on *Yarborough v. Commonwealth*, 247 Va. 215 (1994), and *Sprouse v. Commonwealth*, 19 Va. App. 548 (1995), asserts that, to support a conviction under Code § 18.2-53.1, the Commonwealth must prove beyond a reasonable doubt that the "weapon" used actually be capable of firing a projectile.

In fact, however, even before *Yarborough* and *Sprouse*, the Virginia Supreme Court had considered what evidence is required to support a conviction under § 18.2-53.1. In 1980, in *Holloman v. Commonwealth*, 221 Va. 196 (1980), the Court considered whether a BB pistol appearing in size, weight, and shape to be a .45 caliber automatic pistol was a "firearm" for purposes of Code § 18.2-53.1. The "gun" in question fired BBs by the force of a spring rather than by the explosive force of gunpowder, and the defendant contended on appeal "that weapons not activated by 'explosive force' but by mechanical means, such as springs, are not 'firearms' within the meaning of § 18.2-53.1." *Id.* at 197. Focusing on the statute's purpose of deterring violent crime and the victim's subjective conclusion that the object was a firearm, the Court ruled:

> Consequently, we hold that the Commonwealth's evidence was sufficient to convict the defendant of using a firearm in violation of § 18.2-53.1 upon proof that the defendant employed an instrument which gave the appearance of having a firing capability, whether or not the object actually had the capacity to propel a bullet by the force of gunpowder.

*Id.* at 199.

The Supreme Court of Virginia next considered the issue in *Yarborough v. Commonwealth*, 247 Va. 215 (1994). Defendant Yarborough was convicted of robbery and using a firearm in the commission of robbery. Defendant accosted the victim who was walking home one night, and demanded all her money. She saw something protruding from his jacket pocket, assumed that it was a gun, and consequently gave him her cash. When Yarborough was

arrested about a quarter hour later, no weapons were found on his person, but an unopened can of beer was in one of his jacket pockets. A subsequent search of the area of the robbery and the area of Yarborough's arrest yielded no weapon.

Yarborough was convicted of both offenses, and, to the Court of Appeals, the Commonwealth argued that it was not necessary for a firearm actually to be seen to support a conviction under Code § 18.2-53.1. It further asserted that it is sufficient if the victim is made to believe that an assailant has a firearm and reacts in response to that belief. *Id.* at 217. The Court of Appeals thus affirmed the convictions.

The Supreme Court in *Yarborough* took note of its opinion in *Holloman* as well as its holding in an earlier case that a pistol capable of firing live ammunition but loaded with wooden bullets was, nevertheless, a firearm within the contemplation of Code § 18.2-53.1. *Cox v. Commonwealth*, 218 Va. 689, 690-91 (1978). The Court then explained its holding:

> Code § 18.2-53.1, a penal statute, must be strictly construed against the Commonwealth and in favor of an accused. When so construed, we think that, to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies. In order to convict an accused of a crime, the evidence must establish the accused's guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence. Conviction of a crime is not justified if the evidence creates only a suspicion or probability of guilt.

*Id.* at 218 (internal citations omitted). Next the Court, in language addressing a factual situation most similar to the case at bar, ruled:

> In the present case, evidence that Yarborough "may have had" a firearm in his possession creates merely a suspicion of guilt. Possession of a firearm is an essential element of the statutory offense, and the fact that [the victim] merely thought or perceived that Yarborough was armed is insufficient to prove that he actually possessed a firearm. Clearly, the evidence does not establish guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence.

*Id.* at 218-19. The Court in *Yarborough*, while reversing the conviction under Code § 18.2-53.1, affirmed the robbery conviction. The victim's *perception* that the assailant was armed established the element of violence or intimidation necessary to convict for robbery. *Id.* at 219.[1] The Supreme Court has not revisited the issue since *Yarborough*.

Almost a year after *Yarborough*, the Court of Appeals in *Sprouse v. Commonwealth*, 19 Va. App. 548 (1995), considered a case in which the defendant was charged with robbery and using a firearm in the commission thereof. The facts established that the defendant was "armed" with a toy pistol that he pointed at his victim and demanded the money in her cash register. Relying on *Yarborough*, the Court of Appeals held:

> Thus, if an object is used to inflict fear or intimidation to accomplish its purpose of rape or robbery, the fear or intimidation may be proved by showing that the victim had reason to believe the object was a firearm although, in fact, it was not a firearm. However, that defendant may not be convicted for the use of a firearm under Code § 18.2-53.1 unless the evidence discloses beyond a reasonable doubt that the object used to cause the victim to reasonably believe it was a firearm was, in fact, a firearm.

*Sprouse v. Commonwealth*, 19 Va. App. 548, 551-52 (1995). Thus, when read together *Yarborough* and *Sprouse* appear to leave little room for doubt about the meaning of "firearm" in Code § 18.2-53.1: "the object used to cause the victim to reasonably believe it was a firearm [must be], in fact, a firearm." *Sprouse* at 552. But for a line of cases from the Court of Appeals beginning in May 1996, this Court would have no difficulty determining that Ruiz is in fact correct in his assertions that he cannot be convicted of use of a firearm in the commission of a robbery.

In *Elmore v. Commonwealth*, 22 Va. App. 424 (1996), the defendant entered a bank and handed the teller a bag containing a note advising that he had a gun and was robbing the bank, that he did not want to hurt anyone,

---

[1] Robbery is defined in Virginia Code § 18.2-58, which reads as follows: "If any person commit *robbery* by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony and shall be punished by confinement in a state correctional facility for life or any term not less than five years."

and that she should quietly put the money from her till in the bag. The defendant also stated to the teller that he did not want to hurt anyone and pointed to his pocket. Rejecting the defendant's argument that the evidence was insufficient to prove that he actually possessed a firearm, the Court of Appeals distinguished the case from *Yarborough* and *Sprouse*:

> [T]he evidence in this case, unlike the evidence in *Yarborough*, consists of more than the victim's mere belief or perception that the defendant had a gun. Here the defendant's out-of-court statement admitted the existence of a "gun." The circumstances here are distinguishable from those in *Sprouse*, where the Commonwealth conceded at trial that Sprouse used a toy pistol. The only evidence that refutes the defendant's admission that he possessed a firearm is his general denial, which the trial court rejected.

*Elmore* at 429-30. Thus, the Court of Appeals reasoned that *Elmore* did not depart from the rule in *Yarborough* and *Sprouse*. Based only on evidentiary considerations, it held that the evidence in the case was sufficient to permit the finder of fact to conclude that the defendant had indeed used a firearm within the meaning of Code § 18.2-53.1.

Next the Court of Appeals upheld a conviction for violating Code § 18.1-53.1 when the firearm was a pistol that "was so badly rusted that ammunition could not be loaded into it." *Miller v. Commonwealth*, 23 Va. App. 208, 209 (1996). Noting that the statute did not define the word "firearm," the Court of Appeals noted with approval the trial court's finding that the rust on the gun did not affect its appearance and that it had not lost its identity as a firearm. Further, said the court, nothing in *Yarborough* required that the defendant have an *operational* firearm to fall within the ambit of the statute. *Id.* at 212. The *Miller* court did recognize the holding in *Sprouse* that, when the undisputed evidence establishes that the robber used a toy pistol, a conviction under Code § 18.2-53.1 cannot stand. *Id.* at 213. Unlike in *Elmore*, there was no doubt in *Miller* that the firearm was not functional; there was no evidence upon which the finder of fact could find beyond a reasonable doubt that the defendant had a firearm capable of firing a projectile. Nonetheless, due to the weapon's appearance as a firearm, the Court of Appeals upheld the defendant's conviction.

Next, in a case where, as in *Holloman*, a BB gun was used, the Court of Appeals considered the plight of a defendant charged with robbery and use of a firearm in the commission of robbery. A cab driver picked up the

defendant and upon arrival at the stated destination, the defendant placed an object at the back of the driver's head. The driver testified that the object felt like the barrel of a gun, but he never saw the object. When the defendant demanded the driver's money, he complied. The defendant was arrested a half hour later, and the arresting officers, when searching him, found a blue steel BB pistol in his pocket. In his argument before the Court of Appeals, the defendant did not deny that the object felt by the cab driver was that BB pistol. The defendant asserted that the BB pistol was not a firearm as contemplated by Code § 18.2-53.1, but the Court of Appeals affirmed his conviction "[b]ecause the evidence proved that the BB pistol gave the appearance of having a firing capability. . . ." *Thomas v. Commonwealth*, 25 Va. App. 681, 684 (1997).

In *Thomas*, the Court of Appeals explained how the Commonwealth might prove that an object is a firearm:

> Whether a particular object used during the commission of a felony was a firearm may be proved by direct evidence, circumstantial evidence, or both. Prior case law indicates that, when determining whether a particular object is a "firearm," the fact finder may consider the victim's visual and nonvisual observations of the object, the victim's knowledge of firearms, the accused's representations about the object during the commission of the felony, expert testimony, and the appearance of the object itself when it is admitted into evidence. However, the evidence regarding the object must prove beyond a reasonable doubt that it is a "firearm" as that term is used in Code § 18.2-53.1, and when the evidence regarding the object is purely circumstantial, it must exclude all reasonable hypotheses of innocence.

*Id.* at 686-87.

In the case at bar, neither the defendant nor the Commonwealth can be viewed as arguing untenable positions. Indeed, one can view the post-*Yarborough* decisions of the Court of Appeals as refining and clarifying the Supreme Court's decision or as departing from it. The evidence in the case at bar leads to only one conclusion about the character of the object used: it was a toy pistol. Even the most permissive reading of the post-*Yarborough* opinions cannot support a conviction of Code § 18.2-53.1. The defendant, nor his accomplice, ever uttered to their victims that either actually had a firearm. In each case, the victim was left to infer that the object he or she saw was an operational firearm; and while the

"gun" in question was never found, the Commonwealth was unable to rebut the testimony of its *own* witness, the defendant's accomplice, that he and the defendant had in fact stolen a *toy pistol* and covered it with black tape to give it an authentic appearance. Therefore, the Court will vacate its finding of guilt as to the violations of Virginia Code § 18.2-53.1 and enter a judgment of acquittal on those charges. The evidence, however, is sufficient to support the finding of guilt with respect to the robbery charges.

The Clerk is requested to prepare an order vacating the finding of guilt with respect to the violations of Va. Code § 18.2-53.1 and dismissing those indictments.