COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Senior Judges Willis and Annuziata
Argued at Alexandria


MULUKEN HUILA WUBNEH
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0239-07-4                      JUDGE JERE M.H. WILLIS, JR.
                                                    JANUARY 8, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                          William T. Newman, Jr., Judge

            Michael F. Devine (Devine, Connell & Sheldon, P.L.C., on brief),
            for appellant.

            Joshua M. Didlake, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        On appeal from his conviction in a bench trial for using a firearm in the commission of a

robbery, in violation of Code § 18.2-53.1, Muluken Huila Wubneh contends that the evidence was

insufficient to support his conviction because it failed to prove that the object he used to

intimidate the victim was, in fact, a firearm.  We disagree and affirm the judgment of the trial

court.

                    On appeal, we review the evidence in the light most
            favorable to the Commonwealth, granting to it all reasonable
            inferences fairly deducible therefrom.  The judgment of a trial
            court sitting without a jury is entitled to the same weight as a jury
            verdict and will not be set aside unless it appears from the evidence
            that the judgment is plainly wrong or without evidence to support
            it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that Wubneh and Solomon Tibebu robbed Mohamed Mohamed, a taxicab driver. Mohamed testified that Wubneh displayed a "gun" and Tibebu displayed a knife. They demanded that Mohamed give them his money and cell phone. Mohamed said that Wubneh "put the gun to [the back of his] head, [and] he kept pushing [Mohamed's] head forward." Mohamed saw the gun when he turned to look in the glove box for more money. He described the gun as hard and black and said that it "looked like a real gun."

Tibebu testified that he used a knife during the robbery. He testified that Wubneh used a BB gun.

The object Wubneh used during the robbery was never located or produced at trial. After hearing argument by counsel, the trial court denied the motion to strike the evidence, holding that "the Commonwealth has put forth sufficient evidence to find that this was, in fact, a firearm, and that the use and display here, based upon everything that the victim has testified to, it is sufficient."

> [T]o prove the offense of use of a firearm, pursuant to Code § 18.2-53.1, "the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies."

McBride v. Commonwealth, 24 Va. App. 603, 606, 484 S.E.2d 165, 167 (1997) (*en banc*) (quoting Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994)); see also Powell v. Commonwealth, 268 Va. 233, 236, 602 S.E.2d 119, 120 (2004).

> The purpose of Code § 18.2-53.1, keyed to serious crimes and prescribing inflexible penalties, is to deter violent criminal conduct. The statute not only is aimed at preventing actual physical injury or death but also is designed to discourage criminal conduct that produces fear of physical harm. Such fear of harm results just as readily from employment of an instrument that gives the appearance of having a firing capability as from use of a weapon that actually has the capacity to shoot a projectile. The victim of a crime can be intimidated as much by a revolver that

does not fire bullets as by one that does; such victim cannot be required to distinguish between a loaded pistol and a spring gun when it is brandished during commission of a felony.

Holloman v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980) (upholding conviction for using a firearm while committing rape where the "object in question" proved to be a BB gun; Court relied "upon proof that defendant employed an instrument which gave the appearance of having a firing capability, whether or not the object actually had the capacity to propel a bullet by the force of gunpowder," id. at 197, 199, 269 S.E.2d at 357, 358) (citations omitted).

In Sprouse v. Commonwealth, 19 Va. App. 548, 549, 453 S.E.2d 303, 304 (1995), the defendant displayed what appeared to the victim to be a firearm during a robbery. A few days later, police recovered a toy gun from Sprouse's car, and at trial, the Commonwealth conceded the object was a toy. Id. at 550, 453 S.E.2d at 305. Reversing Sprouse's conviction, we held that a defendant could not be convicted of violating Code § 18.2-53.1 "unless the evidence discloses beyond a reasonable doubt that the object used to cause the victim to reasonably believe it was a firearm was, in fact, a firearm." Id. at 551-52, 453 S.E.2d at 306.

> Whether a particular object used by an accused during the commission of a felony was a firearm may be proved by direct evidence, circumstantial evidence, or both. Prior case law indicates that, when determining whether a particular object is a "firearm," the fact finder may consider the victim's visual and nonvisual observations of the object, the victim's knowledge of firearms, the accused's representations about the object during the commission of the felony, expert testimony, and the appearance of the object itself when it is admitted into evidence. However, the evidence regarding the object must prove beyond a reasonable doubt that it is a "firearm" as that term is used in Code § 18.2-53.1, and when the evidence regarding the object is purely circumstantial, it must exclude all reasonable hypotheses of innocence.

Thomas v. Commonwealth, 25 Va. App. 681, 686-87, 492 S.E.2d 460, 463 (1997) (finding the evidence sufficient to prove a BB pistol used by Thomas to rob the victim was a firearm, based

on the victim's observations and the appearance of the object, which was admitted and found to resemble a real firearm, thus excluding reasonable hypothesis it was mere toy).

Wubneh argues that the evidence proved that he used only a BB gun in robbing Mohamed, not a firearm, and that our holding in Sprouse requires reversal of his conviction. We do not reach this question.

"It was the province of the trier of fact to consider all the evidence and resolve any conflicts." Powell, 268 Va. at 237, 602 S.E.2d at 121. Mohamed's testimony that the object felt like and appeared to be a real firearm conflicted with Tibebu's testimony that it was a BB gun. The trier of fact resolved this conflict against Wubneh, concluding that the evidence proved Wubneh used a firearm. See Thomas, 25 Va. App. at 687-88, 492 S.E.2d at 463 (finding sufficient evidence to prove BB pistol used by Thomas to rob victim was firearm based on victim's observations and appearance of object); Byers v. Commonwealth, 23 Va. App. 146, 152, 474 S.E.2d 852, 855 (1996) (upholding conviction based on circumstantial evidence where victim felt metal object he thought was gun against his neck and defendant said "this is a stick-up"); Wilson v. Commonwealth, 19 Va. App. 535, 536-37, 452 S.E.2d 884, 885 (1995) (upholding conviction where clerk was familiar with guns and testified she saw handle of gun).

Unlike the situations in Thomas and Sprouse, the object used in this case was never recovered. The only evidence that it was a BB gun came from Wubneh's accomplice, whose testimony the fact finder rejected. Thus, the Commonwealth presented competent and credible evidence sufficient to prove beyond a reasonable doubt that Wubneh possessed and used a firearm during the robbery.

The judgment of the trial court is affirmed.

Affirmed.