ELDER, J.,
dissenting.
The majority holds that the replica of a firearm Startin used during the commission of two robberies is a firearm within the meaning of Code § 18.2-53.1. In so holding, it overturns this Court’s decision in Sprouse v. Commonwealth, 19 Va.App. 548, 453 S.E.2d 303 (1995), which required the Commonwealth to “prove that the accused actually had a firearm in his possession.” Id. at 551, 453 S.E.2d at 305 (emphasis added). For the reasons stated in the panel dissent, Startin v. Commonwealth, 54 Va.App. 778, 792-95, 682 S.E.2d 115, 122-24 (2009) (Elder, J., dissenting), I believe Sprouse was correctly decided. Thus, I would decline to overrule Sprouse, and I respectfully dissent.
I take no issue with the majority’s careful and thorough analysis of the evolution of the term firearm as contemplated under Code § 18.2-53.1. And, as the majority correctly notes, the doctrine of stare decisis “ ‘plays a significant role in the orderly administration of justice by assuring consistent, predictable, and balanced application of legal principles.’ ” Castle v. Lester, 272 Va. 591, 601, 636 S.E.2d 342, 347 (2006) (quoting *42 Pulliam v. Coastal Emergency Servs., Inc., 257 Va. 1, 10, 509 S.E.2d 307, 312 (1999)). Unlike the majority, however, I do not view our decision in Sprouse as “such a flagrant error or mistake” as to amount to “‘an incorrect application of the law.’ ” Harmon v. Sadjadi, 273 Va. 184, 197, 639 S.E.2d 294, 302 (2007) (quoting Nunnally v. Artis, 254 Va. 247, 253, 492 S.E.2d 126, 129 (1997)).
I would not be so quick to overturn Sprouse, a decision that has remained valid law for over a decade. We have consistently relied upon Sprouse during this period of time and have either distinguished or harmonized its principles in accordance with the mandates of Code § 18.2-53.1. See, e.g., Wubneh v. Commonwealth, 51 Va.App. 224, 230 n. 5, 656 S.E.2d 418, 421 n. 5 (2008) (noting that the jury instruction was “consistent with Sprouse in requiring that the subject instrument be ‘designed’ as a Veapon’ to ‘expel a projectile’ (even if it does not have the ‘actual[ ] ... capability of firing a projectile, provided ... it has not lost its appearance as a firearm’)” (quoting Virginia Model Jury Instructions, Criminal, No. 18.702)); Thomas v. Commonwealth, 25 Va.App. 681, 687, 492 S.E.2d 460, 463 (1997) (affirming the defendant’s conviction based on “[b]oth the victim’s observations of the pistol during the robbery and an examination of the pistol itself,” which demonstrated the BB gun had firing capability and “gave the appearance of having a firing capability”); Miller v. Commonwealth, 23 Va.App. 208, 213, 475 S.E.2d 828, 830 (1996) (noting “rust on the gun did not affect its appearance” and “that the weapon had not ‘lost its identity as a firearm’ ”); Elmore v. Commonwealth, 22 Va.App. 424, 428-30, 470 S.E.2d 588, 589-90 (1996) (distinguishing Sprouse on the ground that the gun was not recovered and thus could not contradict the circumstantial evidence that “the defendant gave [the victim] a note stating that he had a ‘gun,’ pointed to his pocket and said that he did not want to hurt anyone”). Moreover, we have declined to reevaluate Sprouse en banc since it was decided. See Code § 17.1-402(D) (authorizing this Court to “overrule any decision by any panel or of the full court” either “upon its own motion at any time” or “when any judge of any panel ... *43 certifies] that ... a decision of such panel is in conflict with a prior decision” (emphasis added)). Having properly accommodated Sprouse at the panel stage and declined to address it previously en banc when granted the opportunity to do so, we should be wary of reversing those principles now.
I believe Sprouse should remain valid precedent in interpreting Code § 18.2-53.1. I further believe the principles enunciated in that decision mandate the reversal of Startin’s convictions for use of a firearm during the commission of a felony. Thus, I respectfully dissent from the majority’s affirmance of Startin’s convictions.